# Byers's Estate.

*Principal and surety—Notice to surety—Action—Negligence.*

A firm of contractors gave a bond with sureties to a corporation which had a contract to build a waterworks for a town. The bond was conditioned for the faithful performance of the contract with the town. The contract contained a clause indemnifying the town from liability by failure to guard persons and property from injury occasioned by the negligence of the corporation. During the progress of the work a child was injured, and nine years after the injury suit was brought against the town. Seven months after the action was brought, and two days before the cause was tried, the company served a notice upon the administrator of one of the sureties, reciting the contract and bond, and the pendency of the action. An attorney for the administrator went to the court in another state, and found the case on trial. He did not participate in it, and litigation resulted finally in a judgment against the corporation, which made no defense and conceded its liability. *Held,* that the notice was not given within a reasonable time and that the estate of the surety could not be held liable.

Argued Nov. 11, 1902. Appeal, No. 180, Oct. T., 1902, by the Delaware Water Company, from decree of O. C. Allegheny Co., Jan. T., 1902, No. 49, dismissing exceptions to adjudication in estate of E. M. Byers, deceased. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to adjudication.

The adjudication of OVER, J., was as follows:

The Delaware Company, a New Jersey corporation, doing business in this state, has presented a claim against this estate for $4,654.79, with interest from June 11, 1901, being the amount of a judgment recovered against it in the common pleas court of Westmoreland county, by James C. Fisher, for use of the Dennison Water and Supply Company, of Ohio. The latter company, by written contract made on March 6, 1888, with the village of Urichsville, state of Ohio, agreed to construct waterworks, lay water mains and furnish the residents of the village with water, and also covenanted to be liable for all damages "by failure to guard persons and property from injury when occasioned by the negligence" of the company, and to hold the

village harmless therefor, and pay any sum that might be recovered against it.  The Dennison Water and Supply Company on May 2, 1888, entered into a written contract with the Delaware Company, by which the latter agreed for itself and successors to construct the system of waterworks in Urichsville in accordance with the conditions prescribed in the contract between the Dennison Water and Supply Company and the village of Urichsville.

On May 16, 1888, the Delaware Company entered into a written contract with McCormick & Moran, in which they agreed to construct the system of waterworks in Urichsville in accordance with the contract between it and the Dennison Water and Supply Company.  On June 16, 1888, McCormick & Moran, with Walter J. Kelly and E. M. Byers, this decedent, as sureties, executed a bond to the Delaware Company in the sum of $25,000 for the faithful performance of their contract.  McCormick & Moran constructed the waterworks, laid the water mains, and finished their contract in March, 1889, when they were paid the contract price.  On September 14, 1897, James G. Fisher, an infant, by his next friend, brought an action for damages in the common pleas court of Tuscarawas county, Ohio, against the village of Urichsville, alleging that he had been injured on August 29, 1888, by falling into a trench in Deersville avenue, in said village.  Thereupon the defendant filed a petition averring that if the plaintiff sustained the injury, the trench was excavated by McCormick & Moran in constructing the system of waterworks; that the Dennison Water Company had covenanted to indemnify the village from all damages arising from the construction, and praying that the company be made a party defendant, and it being duly summoned was made a party to the action.  It then by letter of November 10, 1897, to McCormick & Moran, the receipt of which was acknowledged by Moran by letter dated November 19, 1897, gave them notice of the action, and requested them to be present and defend it.

On May 6, 1898, the secretary of the Delaware Company served a notice from the company on the administrator of this estate, reciting the contracts and bond, the pendency of the action, which concluded as follows : " You can appear and make such defense or have such defense made as you may determine will best protect you on account of your liability under said con-

tract and bond." On receipt of this notice the administrator, whose counsel was absent from the city, sent Mr. Shannon, another attorney, to New Philadelphia, Ohio, " to see what the case was about." When he arrived there on May 11 or 12, 1898, the cause was on trial. He was requested to take part in the trial, but declined because " he had no authority to take part in the case." On May 14, 1898, a verdict was rendered against the village of Urichsville in the sum of $3,300, and in favor of it on its cross petition against the Dennison Water and Supply Company in a like sum. It having paid this judgment, brought an action upon it in the common pleas court of Westmoreland county, on March 21, 1901, in the name of James C. Fisher, for its use against the Delaware Company, and entered judgment in default of an appearance and affidavit of defense for $4,654.79, which the defendant company paid. The only notice the administrator of this estate had of the pendency of this action was contained in a petition filed in this court by the Delaware Company on March 22, 1901, averring, inter alia, that the suit had been brought, that it had no defense thereto, that it would have a claim against this estate for the amount recovered and praying for a suspension of distribution of sufficient assets of this estate to satisfy its claim.

## OPINION.

The Delaware Company offered no evidence other than the record of the judgment of the common pleas court of Tuscarawas county, Ohio, to show that the injuries for which the plaintiff there recovered, resulted from the negligence of McCormick & Moran in laying the water mains in the village of Urichsville. The record of this judgment as between the parties and privies thereto is as said by Judge ORLADY in Fowler v. Jersey Shore Borough, 17 Pa. Superior Ct. 366, " conclusive evidence of the existence of the defect in the highway, the injury to the individual and of the amount of the damages." It is only however conclusive as to the liability of the defendants therein, as a party brought in by notice " would not be stopped from showing in the second trial . . . . that the accident did not result through his neglect of duty:" Fowler v. Borough, supra. To make the administrator of this estate privy to the action, it was necessary that notice should be given to him of the pendency of the action,

requiring him to appear and defend it: Giltinan v. Strong, 64 Pa. 242; Brandt on Suretyship, sec. 524. And notice to McCormick & Moran, the principals on the bond, would not be sufficient, as the record of judgment against a principal is not evidence to establish the debt against the surety in case of an unliquidated demand: Hostetter v. City of Pittsburg, 107 Pa. 419.

The notice to the administrator here we think sufficient in substance; but to be effective it must be given within a reasonable time: Rawle on Covenants for Title, 231, n. 1, and cases cited.

The purpose of the notice is to give the party notified sufficient time to investigate the case and prepare for the trial. This purpose is not consummated, if the notice as here be not given until seven months after the action is brought and a few days before the cause is tried.

The claim was a very stale one; the cause of action having arisen nine years prior to the bringing of the suit, more time was necessary to investigate it than if it had been of recent origin, and it was the duty of the defendants to give persons, not parties to the record, of whom indemnity would be demanded prompt notice, so that they would have ample opportunity for investigation and preparation for defense. The neglect to give this notice is not remedied by the fact that Mr. Shannon, at the instance of the administrator, went to the county seat to investigate the case. It was then on trial; he had no time for preparation, and even if he had been authorized to appear for the administrator and participate in the trial, he would have been justified in refusing to do so. The administrator not being a party to the record, his attorney had no standing to apply for a continuance as has been suggested Mr. Shannon should have done; and if a continuance were desired, such application should have been made by the defendant's attorney. We think then the record of this judgment is not competent evidence here, nor is the record of the judgment of the common pleas court of Westmoreland county, upon which it is founded.

An additional reason for excluding it is that no notice or opportunity was given to the parties to the bond to defend. In the petition filed in this court and in the proceedings in the Westmoreland county court, the Delaware Company conceded

its liability, but that concession would not affect the parties to the bond. The view taken of this case makes it unnecessary to consider the objections to the admission of the different contracts in evidence, it being claimed that their execution was not properly proven, and the question raised as to whether or not the sureties on the bond of McCormick & Moran would be liable for damages arising from their negligence in laying the water mains.

There being no competent evidence to sustain the claim of the Delaware Company, it must be disallowed.

*Error assigned* was the decree of the court.

*J. McF. Carpenter* and *Paul H. Gaither*, with them *Cyrus E. Woods*, for appellant.

*J. S. Ferguson*, with him *E. G. Ferguson, D. T. Watson, Johns McCleave, S. S. Mehard, R. A. Balph* and *J. Balph*, for appellees.

PER CURIAM, January 5, 1903:

The judgment is affirmed on the opinion of the court below