# Pennsylvania R. R. Co., Appellant, *v.* Roydhouse et al.

*Contracts—Indemnity against accident—Negligence—Increased risk—Notice of suit to subcontractor—Record—Railroads—Construction work—Repair of station—Passenger.*

1. Where contractors enter into a contract and covenant "to provide and make all proper, necessary and sufficient precautions, safeguards and protections" against the happening of any accident during the progress of the work, and to indemnify and save harmless the indemnitee "from the payment of all sums of money by reason of all or any such accidents," the contractors are not insurers as to any accident that may happen in the course of the work, but only as to such as may occur through failure to provide proper, necessary and sufficient safeguards in nd about the work.

2. The parties adopted for their rule of conduct the common acceptation of the meaning of the term negligence,—lack of ordinary care under the circumstances. To charge the contractors with liability, it is not enough to show that the indemnitee paid out money on account of an accident, but it must appear that the accident occurred through the failure of the indemnitor to provide sufficient safeguards,—in other words, negligence or the failure to use care by the indemnitor, its agent, employees or subcontractor.

3. The limit of the indemnitor's liability embraced the indemnitee's liability to strangers invited on the premises in the usual and ordinary use of it, but the indemnitee could not increase the hazard by adding additional burdens on the indemnitor; if by special invitation or direction, the traveling public were requested to use the

premises worked over, to such an extent as to materially interfere with the contractor's work, and the indemnitor was subjected to an increased risk not contemplated by the contract nor by the nature and condition of the work that he undertook and must have expected, such interference would cast the primary responsibility on plaintiff, from whom a recovery was had. Such act of the indemnitee would not be within the terms of the indemnity clause; so, if the bureau of information was, by act of plaintiff, thrown open for general use of the public, contrary to the expectation of the defendant, and not to be fairly anticipated, the rule thus stated would apply.

4. During the course of the construction work by a subcontractor, an intending passenger at a railway station tripped over a piece of granite used in connection with the work, and was injured. Averring negligence in the railroad company in not providing a safe station, by carelessly placing a slab of granite, so that she would trip over it, the woman injured sued the railroad company, and recovered a verdict and judgment. Subsequently, the railroad company sued on the indemnity clause, and, at the trial, offered in evidence the record of the former suit. It appeared that notice of this suit had not been given to the contractors, but only to the subcontractors. *Held:*

(a) That while the record of the former suit was prima facie evidence, it was such only as to the facts therein contained, and it was not conclusive upon the indemnitor.

(b) That the notice to the subcontractor was not sufficient notice to bind the idemnitor.

(c) That the indemnitors, while liable to the railroad company upon the indemnity clause, were not liable to third persons for injuries caused by the negligent acts of the subcontractor.

(d) That the record of the former suit did not show that the wrong complained of by the indemnitee, was within the terms of the indemnity contract.

(e) That while the former trial showed an unsafe station, it was necessary in the second case to show that it was unsafe because the indemnitors or their representatives failed to provide proper, sufficient and necessary safeguards, through which failure plaintiff was compelled to pay the sum of money occasioned thereby.

(f) That on the evidence offered by the railroad company to bring the suit within the contract, the case was properly submitted to the jury, and that a judgment on a verdict for defendant should be sustained.

370 PENNA. R. R. CO., Appellant, v. ROYDHOUSE.

Argued March 23, 1920. Appeal, No. 218, Jan. T., 1920, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1910, No. 423, on verdict for defendants in case of Pennsylvania R. R. Co. v. George W. Roydhouse, Harry C. Roydhouse and William E. Arey, late copartners, trading as Roydhouse, Arey & Co. Before BROWN, C. J., STEWART, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit on a construction contract containing an indemnity clause. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendants. Plaintiff appealed.

*Error assigned,* inter alia, was refusal of judgment for plaintiff n. o. v.

*Francis B. Biddle,* with him *Sharswood Brinton,* for appellant.—The negligence of the Penna. Railroad Co. determined in a judicial proceeding against it by a third party, does not bar it from recovering against the person primarily liable: Brookville Boro. v. Arthurs, 130 Pa. 501.

In Pennsylvania, as, it is believed, in all other states, the rule of law is that where, in a contract of indemnity, no notice of suit brought against an indemnitee is given to the indemnitor, the indemnitor is not bound by the judgment in the prior suit and may set up any defense which would have been available to him in the prior suit. There is no case which holds that the indemnitee, for failing to give such notice, is estopped from recovering. Such would be a violation of the contract between the parties: Morris v. Buckley, 11 S. & R. 168; Malin v. Bull, 13 S. & R. 441; Collingwood v. Irwin, 3 Watts 306; Lothrop v. Blake, 3 Pa. 483; Barber v. Wolcott, 15 Pa. 57; Huzzard v. Nagle, 40 Pa. 178; Kramph v. Hatz, 52 Pa. 525; Johnston, Warner & Co. v. Mann, 9 Pa. Su-

perior Ct. 251; Fowler v. Jersey Shore, 17 Pa. Superior Ct. 366; Chester v. Schaffer, 24 Pa. Superior Ct. 162.

It has been specifically held in this State that notice to a subcontractor is notice to his contractor principal, so that there is no doubt under this authority that Roydhouse had legal notice without considering any question of estoppel: Hepburn v. M'Dowell, 17 S. & R. 382; Hood v. Fahnestock, 8 Watts 489; Danville Bridge Co. v. Pomroy & Colony, 15 Pa. 151; Phila. v. Lockhardt, 73 Pa. 211; Short v. Messenger, 126 Pa. 637; Nat. Bank of Bedford v. Stever, 169 Pa. 574; Chester v. Schaffer, 24 Pa. Superior Ct. 162.

*Wesley McWilliams,* with him *Tustin & Wesley,* for appellees.—A judgment rendered against an indemnitee is not binding upon an indemnitor who has received no notice of the pendency of the suit: Byer's Est., 205 Pa. 66.

Under an indemnity contract of the kind here in question, the indemnitor is not liable to the indemnitee for injuries sustained by a third person, where the indemnitor is free from fault and the injury is due to the negligence of the indemnitee: Morton v. Union Traction Co., 20 Pa. Superior Ct. 325; Flynn v. Phila., 199 Pa. 476; Perry v. Payne, 217 Pa. 252.

OPINION BY MR. JUSTICE KEPHART, May 3, 1920:

Plaintiff sues on an indemnity contract wherein defendant covenanted to provide proper, necessary and sufficient precautions, safeguards and protections against the happening of any accident during the progress of the work in connection with the repair of appellant's bureau of information at Broad street station, Philadelphia, and to indemnify plaintiff from the payment of any sum of money by reason of such accident. During the progress of the work in 1902, an intending passenger tripped over a piece of granite used in connection therewith and was injured. Averring

negligence of plaintiff in not providing a safe station, by carelessly placing a slab of granite so that she would trip over it, plaintiff was sued and recovery had. In 1910 this action was instituted on the indemnity clause.

We may assume the contract of defendant, under which the work was done, was within the terms of the first contract containing the indemnity clause, but such clause did not make defendant an insurer as to any accident that might happen in the course of the work, it related only to such as occurred through failure to provide proper, necessary and sufficient safeguards in and about the work. The parties adopted for their rule of conduct the common acceptation of the meaning of the term negligence—lack of ordinary care under the circumstances. To charge defendant with liability, it was not enough to show that the indemnitee paid out money on account of an accident happening in connection with the work, but it must appear that the accident occurred through the failure of the indemnitor to provide sufficient safeguards;—in other words, negligence or the failure to use care by the indemnitor, his agent, employees or subcontractor: Flynn v. Phila., 199 Pa. 476; Morton v. Union Traction Co., 20 Pa. Superior Ct. 325; Perry v. Payne, 217 Pa. 252. Such is the intent of the language of the contract.

At common law the indemnitor in performing the work was liable to a stranger, lawfully about the premises, for an injury occasioned through his negligence. The indemnitee or owner may likewise be liable to its invitees to whom it owed the same duty, or reasonable care. This contract, as between the parties, rose no higher than to secure protection to the indemnitee from loss in paying money on account of the violation of those duties, but the indemnitor's liability to the indemnitee arises on a breach of the contract which would be a breach of the duty as to third persons written in the contract; and the injury must be fairly within the contemplation of the terms of the contract: 22 Cyc. 86. The

contract is not one of insurance, nor is the indemnitor called upon to defend suits brought without merit or cause, though founded on circumstances in connection with the work. The limit of the indemnitor's liability in this case embraced the indemnitee's liability to strangers invited on the premises in the usual and ordinary use of it; but the indemnitee could not increase the hazard by adding additional burdens on the indemnitor; so if, by special invitation or direction, the traveling public were requested to use the premises worked over, to such an extent as to materially interfere with the contractor's work, and the indemnitor was subjected to an increased risk not contemplated by the contract nor by the nature and condition of the work that he undertook and must have expected, such interference would cast the primary responsibility on the plaintiff, from whom a recovery was had. Such act of the indemnitee would not be within the terms of the indemnity clause; so if the bureau of information was, by act of the plaintiff, thrown open for general use of the public, contrary to the expectation of the defendant, and not to be fairly anticipated, the rule thus stated would apply.

The indemnitee charges that it paid money under compulsion of law for acts fairly within the terms of the indemnity contract. The work was not done by defendant but was let to a subcontractor, whose servants, it is charged, caused the accident. Plaintiff offered the record of the former suit, contending that it was prima facie evidence of defendant's liability. Had plaintiff given notice to the indemnitor in time sufficient for it to have prepared its case, defendant might have been bound by the former judgment: Byers's Est., 205 Pa. 66.

Notice was given to William Gray & Sons, the subcontractors, who were directly responsible for the negligence which caused the accident. They were advised that they would be held liable for the accident occurring to Marie Brolasky and were recognized as the contractors doing the work. It was not an attempt to notify

defendant, nor to charge defendant through its agents. However, plaintiff had every advantage of its position that the record was prima facie evidence. The case was submitted to the jury and it was decided adversely to plaintiff's contention that defendant had not provided sufficient safeguards or was careless in the construction of the work. It is now contended binding instructions should have been given for appellant. This was not possible. The record of the former trial was not conclusive. Admitting for the purpose of this case, that it was prima facie evidence, it was only such as to the facts therein contained. The contractor was liable to the owner under the indemnity clause for the acts of the subcontractor, but it was not liable to third persons for injuries occasioned by the negligent acts of the same subcontractor. The owner, here plaintiff, recognized the subcontractor as doing the work, from the notice it served. If it wished to affect the indemnitor, contractor, notice should have been given. When recovery was had and this action was brought for recoupment, it must appear that the wrong complained of by the indemnitee was within the terms of the contract as we have discussed them. This was not done by the record of the former trial alone. It showed certain facts,—that Marie Brolasky was injured by the carelessness of the Pennsylvania Railroad Company's servants, who failed to maintain a safe station. The statement of claim in the present case charging acts within the contract was not self-proving. It required evidence to connect defendant with the wrong complained of within the terms of the contract. While the former trial showed an unsafe station, it was necessary in this case to show that it was unsafe because defendant or its representatives failed to provide proper, sufficient and necessary safeguards, through which failure plaintiff was compelled to pay a sum of money for an accident occasioned thereby. Plaintiff, realizing this, offered evidence to bring the case within the terms of the contract, by showing the acts of

the servants of Gray & Sons, the subcontractors, for whom defendant was liable. There was evidence from which the jury might have found either way and their verdict was conclusive of the question. The trial court could not have given binding instructions in any event for plaintiff. We have considered all the assignments of error and find no merit in any. They are dismissed.

Judgment affirmed.