## Dorris *v.* Bridgman & Co., Appellant.

*Appeals—New trial—Reasons—Opinion of the court below—Discretion of court—Excessive verdict.*

1. The appellate court will not reverse the court below for granting a new trial except for clear error of law or abuse of discretion.

2. The fact that the opinion of the trial court refers to certain reasons for granting a new trial, will not be treated by the appellate court as conclusive proof that the questions thus accentuated controlled the entry of an order granting a new trial.

3. Not decided whether the verdict in this case was excessive.

Argued April 18, 1927. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 139, Jan. T., 1927, by defendant, from order of C. P. No. 2, Phila. Co., June T., 1925, No. 13599, granting new trial and overruling motion for judgment for defendant n. o. v., in case of Bessie Dorris v. Bridgman & Co. Affirmed.

Trespass for personal injuries. Before LEWIS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $16,710. New trial granted and judgment for defendant n. o. v. refused. Defendant appealed.

*Error assigned,* inter alia, was grant of new trial, quoting record, and order overruling motion for judgment for defendant n. o. v., quoting record.

*Francis Chapman,* for appellant.

*M. A. Foley,* of *Graham, Garaguso & Foley,* for appellee, was not heard.

PER CURIAM, May 9, 1927:

Plaintiff, while standing at a street crossing in the City of Philadelphia, was struck on the head by a section of iron pipe, extending over the side of a passing trailer attached to a tractor belonging to defendant. The pipe was one of a number of sections comprising, with other articles, a load of building material. Plaintiff was quite seriously injured and at the trial received a verdict for $16,710. The court below denied a motion for judgment n. o. v. for defendant but made absolute a rule for a new trial. Defendant appealed.

We have frequently said that we will not reverse the court below for granting a new trial except for clear error of law or abuse of discretion: Weiss v. London Guarantee & Accident Co., Ltd., 282 Pa. 127; and in Class & Nachod B. Co. v. Giacobella, 277 Pa. 530, 537, 538, we said, "Furthermore, the authorities indicate that because the opinion of the trial court refers to only one question, or a single point in the case, this fact will not be treated by us as a conclusive proof that the point or question thus accentuated, controlled the entry of the order appealed from;......finally, whenever the reason or reasons assigned involve the exercise of discretion, the order of the trial court will not be interfered with unless a palpable abuse of power appears." See also the cases cited in this latter opinion.

In the opinion granting a new trial, in the present case, the trial judge said, "The questions of law involved seem to us exceedingly finely balanced, and all three

judges of the court have given the case long-continued and earnest consideration, with the one end in view that justice might be done as between the parties. The result of our deliberation is to convince the trial judge that the ends of justice require that the case should be again tried, in order that plaintiff might offer evidence, if available, to make more clear the location of the driver's cab of the tractor, when she took up her stand three feet south of the car track;......this also can be decided with more satisfaction to our judicial conscience, if we are certain that there is before us all procurable evidence as to the exact location of the tractor, when the plaintiff stopped in the cartway, and also as to the visibility of the overhanging material."

In view of the foregoing partial recital of the reasons stated in the opinion, inducing the order for a new trial, together with the expression that the verdict is excessive, we cannot possibly say the court below was guilty of clear error or abuse of discretion.

The appeal is dismissed.