## Stein et al., Appellants, *v.* Kessler et al.

*Judgments—Opening after end of term—Power of court.*

In an action of assumpsit judgment was entered for plaintiff and a motion for a new trial refused. Later a petition for oral re-argument was granted with stay of proceedings. Re-argument was had in a subsequent term and the court opened the judgment and granted a new trial.

Under such circumstances the rule that the power of the court to open adverse judgment ends with the term is not infringed.

An order made within the term in which the judgment was entered, suspending all proceedings, was ample evidence that the court intended the judgment should remain within its control, and this method to keep the way open for further action thereon was within the court's discretion.

*Municipal court—Judge sitting in banc—Three judges.*

The Municipal Court of Philadelphia is composed of ten judges, but for the purposes of expediting business three judges may properly sit in banc, and their judgment is final in the interpretation of the rule of their own court.

Argued October 21, 1927. Appeal No. 204, October T., 1927, by plaintiff from order of M. C. Philadelphia County, September T., 1920, No. 205, in the case of Nathan Stein, trading as Stein Woolen Company, to use of Adolph Rusch and Henry A. Rusch, trading as Rusch & Company, v. Joseph Kessler, trading as The Parisian Tailoring Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Rule to open judgment. Before GLASS, P. J., LEWIS and KNOWLES, JJ., sitting en banc.

The facts are stated in the opinion of the Superior Court.

The court opened the judgment and granted a new trial. KNOWLES, J., dissenting. Plaintiff appealed.

*Error assigned,* among others, was opening the judgment.

*Sigmund H. Steinberg,* of *Wolf, Block, Schorb and Solis-Cohen,* for appellants.—A trial judge cannot open judgment after the term: Miller v. Baker, 64 Pa. Superior Ct. 124; Pennsylvania Stave Co.'s Appeal, 225 Pa. 178; Hill v. Egan, 2 Pa. Superior Ct. 596; Lance v. Bonnell, 105 Pa. 46; Fisher v. Hestonville Railway Company, 185 Pa. 602; Wickel v. Mertz, 49 Pa. Superior Ct. 472; Oil Company v. Carothers, 63 Pa. 379.

*Louis W. Levinthal,* of *Levinthal, Schofield and Kraus,* for appellee.—The rule of court that judgment cannot be opened after the end of the term in which it was entered has no application: Smith v. Smith, 49 Pa. Superior Ct. 423; Fisher v. Fisher, 74 Pa. Superior Ct. 538; Donoghue v. O'Kane, 55 Pa. Superior Ct. 11; Todd v. Insurance Company, 9 Pa. Superior Ct. 371; Magill's Appeal, 56 Pa. 430.

OPINION BY TREXLER, J., March 2, 1928:

This suit in assumpsit was tried in the Municipal Court. Judge KNOWLES, the trial judge, directed a verdict for the plaintiff. Within the time fixed by the rules of the Municipal Court, the defendant filed a motion for a new trial which after a number of extensions of time, was dismissed on February 16, 1927, by the trial judge and Judge GLASS, sitting as a court en banc, the third member of the court, Judge LEWIS, not participating. On February 16, 1927, judgment was entered on the verdict. On February 17th, a petition for oral re-argument was presented to Judge LEWIS and allowed, with a stay of proceedings. Thereafter, all three judges, sitting in banc heard the oral re-argument and during the third term of court after judgment was entered, on April 28, 1927, the court (Judge KNOWLES dissenting) revoked the previous order of February 10, 1927, dismissing the motion for

a new trial and opened the judgment and granted a new trial. From this order the plaintiff has appealed.

The first objection urged is that the court had no jurisdiction to grant the motion. The power of the court to open adverse judgment ends with the term, but in this proceeding, it will be observed that the judgment was entered on February 16th and within the term, on February 17th, the judge ordered an oral re-argument, all proceedings to stay. The appellant, however, argues that this was not sufficient to suspend the finality of the judgment at the end of the term, that the only way to do that was by entering a rule to show cause. This seems to be only a question as to the use of terms. The petition for a re-argument stated the reasons why the equitable powers of the court were invoked and the reasons were thus brought on the record. The court, in its order, has definitely expressed the thought that the judgment should remain within its control. The order suspending all proceedings was ample evidence of that and the court being still within the term could leave the way open for further action in regard to the judgment. The order, having been made within the term, no objection can be made that it was not disposed of until a subsequent term. Lance v. Bonnell, 105 Pa. 46. Whether a rule to show cause was employed or action taken upon the petition, does not alter the situation.

Judge KNOWLES, in his dissenting opinion, relied upon the case of Pennsylvania Stave Company's Appeal, 225 Pa. 178. It was there held in a tax case that the common-law power of the court to set aside a judgment regular on its face ended with the term, even though a petition for its vacation was presented on the last day of the term in which the original order had been made, but the basis for the conclusion of the lower court was that there was nothing in the case calling for equitable interference. If there had been,

the court states that in a case of that nature, even the end of the term would not necessarily proclude relief. The court then goes on to show that the reasons given by the judge for his order of vacation were not tenable. That case is not analogous to the present. As long as the judgment was within the control of the court and the reasons assigned did not disclose error of law in the granting of a new trial, we think the power was properly exercised.

The second objection is that the proceedings were not according to the rules of the Municipal Court. This reason seems not to have been considered in the lower court as Judge KNOWLES in his dissenting opinion does not allude to it. The court is ordinarily the best interpreter of its own rules and the appellate court in such cases, should have the benefit of the views of the lower court, as to the construction to be placed on its rules. However, we have considered the matter and find no error.

The Municipal Court is a court at present composed of ten judges. With these judges, or a majority of them, primarily resides the final decision of any question which may properly be brought before the court en banc. To expedite the business of the court, three judges are designated from time to time to sit en banc. Under this system, ordinarily, there is nothing to prevent these three judges sitting as the court en banc and in a proper case and within a proper time to set aside a judgment, for under the rules, said court is the final arbiter.

As to the merits, the three judges sitting in the case, after reviewing the testimony concluded that there was error in not permitting a witness to refresh his memory by referring to a written memorandum. The memorandum had been made by the witness and was not intended to be offered in evidence, but merely to be used as an aid to memory. We think the court en

banc was right, but apart from this, there were other reasons for the granting of the new trial which were not stated and under the recent cases of Dorris v. Bridgman & Co., 289 Pa. 533; Grossman v. Bessemer & Lake Erie R. R., 289 Pa. 169; Regan v. Davis, 290 Pa. 167; unless it appears that the reasons stated and found to be wrong are exclusive and there are no others, the appellate court will not interfere.

The order is affirmed.