Schroeder, Appellant, *v.* Gulf Refining
Co. (No. 2).

Argued April 15, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Forrest J. Mervine,* with him *Russell L. Mervine,* for appellant.—The agreement does not provide against defendant's own negligence: Crew v. Bradstreet Co., 134 Pa. 161; Camden S. Dep. & T. Co. v. Eavenson, 295 Pa. 357; Binswanger v. Hyman, 271 Pa. 296; Dewar v. Carson, 259 Pa. 599; Robinson v. Coal Co., 58 Pa. Superior Ct. 176.

We have a subject of the agreement, to wit: the pump. Its provisions apply to this and to nothing else. Their application to any other subject-matter is not tolerated under the decisions of this court: Williams v. Hay, 120 Pa. 485; Perry v. Payne, 217 Pa. 252.

The loss occasioned by defendant is not one of the casualties provided against in the agreement: Crew v. Bradstreet Co., 134 Pa. 161; Dignan v. Coal & Coke Co., 222 Pa. 390.

The defendant is not protected by the agreement in delivering gasoline against plaintiff's written order: P. R. R. v. Roydhouse, 267 Pa. 368.

The defendant is not protected by the agreement in committing acts of wilful and wanton negligence.

*David I. Scanlon,* with him *Ira A. LaBar* and *Alfred T. Steinmetz,* for appellee.—An order granting a new trial will not be reversed on appeal unless the record demonstrates that it was caused alone by a clear error of law, or was based on a palpable abuse of discretion: Rittenhouse v. Machine Works, 283 Pa. 304; Pfeffer v. Johnstown, 287 Pa. 370; Dravo Contracting Co. v. Reese, 291 Pa. 387.

The agreement of indemnity was valid, enforceable, and applicable to the present case: Rundell v. R. R. Co., 254 Pa. 529; Atherton v. Coal Co., 267 Pa. 425.

The contract does not clearly and manifestly provide against defendant's own negligence.

If the gasoline was delivered against the wish and express prohibition of the plaintiff by the defendant's employee, such act was beyond the scope of the employee's authority.

If appellee's employee was guilty of wanton and wilful negligence, acting to satisfy his own malice, his employer is not responsible for the reasons heretofore immediately referred to: Laing v. Colder, 8 Pa. 479; Lane v. Land Co., 211 Pa. 290.

OPINION BY MR. JUSTICE SADLER, May 12, 1930:

Charles H. Schroeder, plaintiff, conducted a filling station on a property owned by himself and wife as tenants by entireties. Tanks for the storing of gasoline had been installed beneath the sidewalk and extended

within the cellar, one being used for holding straight, and, the other, high-test, gas. The motor fuel handled was that of the Gulf Refining Company, wholesale distributors of the product. On May 24, 1926, the owner left word with his daughter that no additional supply was needed, and that defendant's truck driver should be so advised if he called on that day. Hughes, the employee, arrived with his truck at three in the afternoon, but was told that no gas was desired. Nevertheless, he made his own investigation, and, finding the high-test tank partly empty, took it upon himself to fill it. He attached the hose from his wagon to the intake pipe and then entered the storeroom. A greater quantity flowed therefrom than could be received in the container, and, as a result, the gasoline overflowed and ran upon the highway. It, or the accompanying fumes, passed along the street a distance of from 8 to 30 feet to a blow torch in use by employees of a telephone company. By reason of its inflammable nature, the gas caught fire and an explosion resulted, thereby causing the building to be partially destroyed with its contents. An action was brought by the husband and wife for the damage to the realty, and the judgment entered on the verdict for plaintiffs was sustained, on appeal, in an opinion this day filed, and to which reference is made for a more detailed description of the occurrence.

Schroeder, the plaintiff, in the present action, also sued to recover for the loss of his personal property destroyed in the conflagration. The same defenses were here interposed as in the action brought by the tenants by entireties, above referred to. In the latter case, sustaining the judgment entered in the court below, we held that the release from liability, offered in evidence, was ineffective. The reason for our conclusion in that proceeding is not here applicable, and if the agreement between plaintiff and defendant, stipulating for freedom from responsibility for loss, contemplated an injury such as now complained of, then a different result

is to be reached in this action. At the trial, the contract relied on was offered in evidence. It was dated October 28, 1925, and provided for the installation of the 5-gallon pump from which the high-test gasoline was from time to time drawn through its connection with the tank containing that character of fuel.

Plaintiff denied the execution of this paper, and the court requested the jury to make a special finding as to whether the writing had been signed, and it found in the negative. A motion for a new trial was made on the ground that such a determination was against the weight of the evidence, and support to this contention was given by additional affidavits filed showing the signature to the paper offered to be that of Schroeder. On the ground that the evidence tended to sustain, in this respect, the contention of defendant,—though the jury had found to the contrary,—and that the terms of the agreement prevented a recovery by the plaintiff under the circumstances, a new trial was granted. The present appeal is from the order so entered.

The decision of the court, setting aside the verdict, was apparently based on this reason alone, though other grounds were set forth in the motion for a rehearing. The general rule is well established that, where a new trial has been awarded, the court will only reverse when a clear error of law or abuse of discretion appears: Rittenhouse v. Exeter Machine Works, Inc., 283 Pa. 304; Dravo Contracting Co. v. Rees & Sons Co., 291 Pa. 387; Fertax Co. v. Spiegelman, 292 Pa. 139. And the fact that the court refers to certain reasons for its action will not be treated as conclusive that the matters referred to alone controlled its decision: Dorris v. Bridgman, 289 Pa. 533. Where the court below declares it would have refused to grant the relief asked except for a reason distinctly set forth, which, in its opinion, made such action necessary, and this is determined to be without merit, a reversal may be ordered: Class & Nachod Brew. Co. v. Giacobello, 277 Pa. 530; Broomall

v. P. R. R. Co., 296 Pa. 132. In the present case, several grounds were suggested which, it was insisted, required the granting of a new hearing. The court below, in its opinion, seemingly rested its conclusion on but one, though it had before it other matters not discussed, and it does not expressly state that the contention sustained was the only one worthy of consideration. It follows, under our decisions, that the appeal must be dismissed.

When, however, it appears from the record that the action of the trial court was plainly induced by a single consideration, which was erroneously decided, an opportunity should be given to it to pass upon the other questions raised, and the necessity of another trial avoided where it is of opinion there is no merit in the other reasons advanced for a new trial. If the verdict was here set aside solely because of a mistaken belief that the agreement between the parties precluded a recovery, and no other sufficient ground for ordering a second hearing has been asserted, then judgment can be entered on the verdict. As we view the case, even if the contract relied on was duly executed, its terms, properly construed, would not relieve defendant from responsibility, and it would be the duty of the court to so instruct the jury.

The agreement, providing for the installation of the pump, contained the following clause: "That the party of the second part shall indemnify and save harmless the party of the first part of and from any and all liability for loss, damage, injury or other casualty, to persons or property, caused or occasioned by any leakage, fire or explosion of gasoline stored in said tank, or drawn through said pump, or any other casualty in any way growing out of or resulting from the installation and operation of said equipment; whether due to imperfection in said equipment, or to any fault in the installation and operation thereof, whether the same arises from negligence or otherwise."

It will be noticed that this contract refers only to the 5-gallon pump, as the tanks and intake pipes had been

installed by the plaintiff himself. It relieved from loss by leakage, fire or explosion of the gasoline drawn through the pump, or casualty growing out of or resulting from the installation and operation of this equipment. The damage for which recompense is here sought was caused, not in the manner contemplated by the release, but by the negligent conduct of the employee of the defendant in permitting gasoline to overflow from the intake pipe while filling the underground container. "A party may contract for indemnity against the results flowing from his own acts, but no inference from words of general import can establish it; on the contrary, the intent of both parties to that effect must be made apparent by clear, precise and unequivocal language": Camden Safe Dep. & Tr. Co. v. Eavenson, 295 Pa. 357. "In all cases such contracts should be construed strictly with every intendment against the parties seeking their protection": Crew v. Bradstreet Co., 134 Pa. 161; P. R. R. Co. v. Roydhouse, 267 Pa. 368. Though an agreement of indemnity for loss or damage is enforceable (Rundell v. Lehigh Valley R. R. Co., 254 Pa. 529; Atherton v. Clearview Coal Co., 267 Pa. 425), the purpose to so relieve from liability must clearly appear, and the words used must be construed in connection with the circumstances attending the parties and their object in making the instrument: Perry v. Payne, 217 Pa. 252.

The contract here related to a pump installed by the defendant company, and the casualties provided for were those resulting from the use of that particular device. The tank was separate and apart and owned by plaintiff, and though the pump was employed to draw gasoline therefrom when required, yet the act causing the loss did not result from its operation, but from the negligence of the servant of defendant in permitting the overflow at the intake when transferring gasoline from his truck. The filling of the tank cannot be construed to be an operation of the pump. The defendant provided, in its agreement for a release, from the consequences of an

improper installation of the article which it supplied, and also for injury occurring from its actual employment in drawing the supply from the tank. Defendant properly protected itself from such damages; for this act would be solely within the management of plaintiff, and, in its performance, the defendant would have no part or control. The apparent purpose of the release was to provide against negligence of others, such as the plaintiff, the manufacturer who supplied the device, the one who installed it, or third parties, but not from the carelessness of defendant's employees in delivering oil into the tank, even though the fuel would subsequently be drawn through the pump, as the needs of customers made this necessary.

It will be noticed further that the connection with the truck was with the intake pipe, and made by defendant's agent without request of the plaintiff, against the protest of his daughter, who stated that, at the time, no gas was needed. Under the evidence, the court, in its discretion, was plainly justified in setting aside the special finding of the jury, based on disputed evidence, that the agreement of October 25th had not been executed by Schroeder, but even if the contract was duly signed and effective, its language did not cover acts such as here caused the damage, and furnished no defense to the present action. If this was the only ground moving the court to grant a new hearing, the court may so determine upon the return of the record, and reconsider the order made, or conclude that a new trial should nevertheless be granted if other reasons assigned justify such action. It would be needless to require a retaking of the testimony if the only question involved is the effect of the release, which, if in force, did not relieve defendant of responsibility.

The appeal is dismissed, with leave, however, to the court below to reconsider the motion for a new trial.