## Williams v. Wolf, etc., et al.

*Milford J. Meyer*, for plaintiff.
*Bernard Wolfman*, for garnishee.

MACNEILLE, P. J., July 8, 1952.—Plaintiff instituted an attachment sur judgment against defendant, Joseph Ryman, naming Clifford Wolf as garnishee. Originally, plaintiff brought a suit in trespass against Wolf and Ryman to recover damages for personal injuries sustained by him when a floorboard on the ground floor of a building collapsed. Ryman was the lessee of a store on the ground floor of the building in question, conducting a vegetable and produce market on one side of the store. Ryman sublet a portion of the store to Wolf, who conducted a meat and grocery business on the other side. As between them, Ryman was the lessor and Wolf the lessee, and we will so refer to them wherever necessary. Plaintiff was injured in the aisle between the two counters. The jury returned a verdict for plaintiff. Subsequently, a judgment n. o. v. was entered in favor of Wolf. Ryman withdrew his motion for judgment n. o. v. and judgment on the verdict was entered against him. On appeal by plaintiff to the Superior Court, the action of the lower court, in granting a judgment n. o. v. in favor of Wolf, was affirmed on the ground that Ryman, the lessor, and not Wolf, the lessee, had possession and control of the area in which the accident occurred. See Williams v. Wolf, 169 Pa. Superior Ct. 628 (1951).

Plaintiff now brings this attachment execution, on the theory that under the provisions of the lease agreement between Ryman and Wolf, the latter is under a duty to indemnify his lessor against liability to plain-

tiff. The pertinent provisions of the lease agreement, a standard Lease 50 form, are as follows:

"11. Lessee agrees to be responsible for and to relieve and hereby relieves the Lessor from all liability by reason of any injury or damage to any person or property in the demised premises, whether belonging to the Lessee or any other person, caused by any fire, breakage or leakage in any part or portion of the demised premises, or any part or portion of the building of which the demised premises is a part, or from water, rain or snow that may leak into, issue or flow from any part of the said premises, or of the building of which the demised premises is a part, from the drains, pipes, or plumbing work of the same, or from any place or quarter, whether such breakage, leakage, injury or damage be caused by or result from the negligence of Lessor or its servants or agents or any person or persons whatsoever."

"12. Lessee also agrees to be responsible for and to relieve and hereby relieves Lessor from all liability by reason of any damage or injury to any person or thing which may arise from or be due to the use, misuse or abuse of all or any of the elevators, hatches, openings, stairways, hallways of any kind whatsoever which may exist or hereafter be erected or constructed on the said premises, or from any kind of injury which may arise from any other cause whatsoever on the said premises or the building of which the demised premises is a part, whether such damage, injury, use, misuse or abuse be caused by or result from the negligence of Lessor, its servants or agents or any other person or persons whatsoever."

Garnishee's answers to interrogatories raise two defenses to this proceeding. First: defendant, Ryman, failed to take proper steps to defend himself against liability in the trespass action and failed to notify garnishee and give him an opportunity to conduct his

defense. Second: The accident in question did not occur on the demised premises.

Garnishee's first defense is clearly insufficient to defeat plaintiff's claim. At the trial of the attachment proceeding the garnishee testified that he was not consulted by defendant with respect to the preparation of his defense in the trespass action, and was not asked to take over his defense. The only other evidence introduced by garnishee was the testimony of a process server, who testified that he had been engaged by counsel for garnishee to serve a subpœna upon defendant, Joseph Ryman, to compel him to appear at the attachment execution proceeding, but that he failed in his attempts to serve him, and thereupon left a note for him to appear at the designated time and place. Ryman did not appear. It is also a matter of record that defendant did not enter an appearance within 20 days after the service of the complaint; did not file an answer, and withdrew his motion for judgment n. o. v.

It is apparent that garnishee had notice of plaintiff's suit against defendant, since garnishee was a co-defendant in the action, and was served with a copy of the complaint. This is all that is required in order to compel responsibility on the part of the indemnitor on his indemnity agreement: see Carman v. Noble, 9 Pa. 366 (1848). Furthermore, garnishee filed an answer in that action denying that he possessed and controlled the premises on which the injury occurred, and averring that the premises were possessed, maintained and controlled by defendant, Joseph Ryman. Thus, garnishee having taken a position opposed to that of defendant, it is ridiculous to entertain the contention that defendant should have invited him to conduct his defense. Similarly, garnishee will not now be heard to complain of defendant's failure to file an answer denying possession and control of the premises in question, in view of the position taken by garnishee in his an-

swer. The failure of defendant to enter an appearance within 20 days after the service of the complaint upon him does not appear to have prejudiced his case in any respect, and is of no consequence.

The burden was upon garnishee to prove the defense set up in his answers to interrogatories, that defendant failed to properly conduct his defense: Shaffer et ux. v. Hebenstreit et al., 119 Pa. Superior Ct. 159 (1935). There being no evidence that defendant's defense was not conducted in a perfectly proper manner, garnishee's first contention is wholly without merit.

Garnishee's second contention, that he is under no duty to indemnify the lessor because the injury did not occur on the demised premises, presents a more serious question. Undoubtedly the accident did not occur on the demised premises. That fact has been established in the aforementioned trespass action (Williams v. Wolf, 169 Pa. Superior Ct. 628, 631 (1951)), and is conclusive upon the parties here. Indeed, plaintiff in his trial brief concedes that fact. His sole argument is that paragraph 12 of the lease agreement provides for indemnity of the lessor by the lessee where the injury occurs "on the building of which the demised premises is a part".

We cannot agree with plaintiff in his construction of the indemnity provisions of the lease. It does not appear to us that the provisions are so clear in this respect as to justify the interpretation called for by plaintiff. It is well established that in cases of doubt or uncertainty as to the meaning of a provision of a lease, it is to be construed most strongly against the lessor and in favor of the lessee: Darrow et al. v. Keystone 5, 10, 25, $1.00 Stores, Inc., 365 Pa. 123 (1950). Likewise, a contract of indemnity is to be construed strictly in favor of the indemnitor: Schroeder v. Gulf Refining Co. (No. 2), 300 Pa. 405 (1930). Para-

graph 11 of the lease clearly provides for indemnity of the lessor from liability for injury to any person or property *in the demised premises*, although the *cause* be a fire, breakage or leakage in any part or portion of the demised premises, or *of the building of which the demised premises is a part*. The first part of paragraph 12 refers to injuries occurring on the "said premises", which obviously refers back to paragraph 11 and means the demised premises. It is the latter portion of paragraph 12 in which the ambiguity arises. This provides for indemnity of the lessor against liability "from any kind of injury which may arise from any other cause whatsoever on the said premises or the building of which the demised premises is a part." We think this latter provision must be interpreted as providing for indemnity where, although the *cause* may arise on any part of the building of which the demised premises is a part, the injury occurs on the demised premises. We have reached this conclusion by viewing the latter portion of paragraph 12 together with paragraph 11 and the first part of paragraph 12. The indemnity provisions must be construed as a whole. We think that the intent of the parties, as indicated by paragraphs 11 and 12 of the lease agreement, was to provide for indemnity of the lessor by the lessee from liability for injury to any person or property where either the injury or the cause occurred on the demised premises, but not where, as here, both the injury and the cause occurred in an area which was not part of the demised premises.

In arriving at our interpretation of the indemnity provisions, we have been mindful of the extreme results which could be reached were plaintiff's construction adopted. Thus, a landlord of an apartment house or an office building could call on the tenant of a third-floor apartment or office to indemnify him from liability to a person injured in a sixth-floor apartment or

office as a result of a defect there—said person being a total stranger to the indemnitor. In fact, in the very case before us, garnishee has been relieved of tort liability to plaintiff on the ground that the accident did not happen on the premises occupied by him. Garnishee then has no more connection with the accident than any other lessee of any part of the building, however remote from the scene of the accident. A construction leading to such a result will not be adopted in the absence of the clearest kind of expression in the lease agreement.

Plaintiff relies heavily on the case of McDonough v. Plantholt, 76 D. & C. 119 (1950), as authority for his contention. That case was a trespass action brought on behalf of a minor child of a tenant of a second-story apartment, against the landlord, to recover damages for injuries sustained as the result of the existence of a broken pane of glass on the first floor of the apartment house. Paragraphs 11 and 12 of the lease involved in that case were identical with paragraphs 11 and 12 of the lease in the instant case. The court held that the above lease provisions barred recovery by plaintiff. It is true that in that case the injury and the cause both occurred on the first floor, and to that extent the decision might be deemed to support the position of plaintiff in this case. However, it must be noted that the McDonough case was decided on plaintiff's preliminary objections to defendant's answer and new matter in which paragraphs 11 and 12 of the lease agreement were pleaded as a defense. The preliminary objections did not specify as a ground therefore that the accident did not occur on the demised premises. The question was never put in issue. The opinion of President Judge Smith did not purport to discuss that issue. It is therefore not to be considered as authority for the proposition contended for by plaintiff. Furthermore, it is stated in that opinion that (p. 123) :

". . . the injury to minor plaintiff was the result of a defective condition in a glass doorway on the first floor of the demised premises. . . ."

This language appears to refer to the entire building as the demised premises. It is clear from a reading of paragraphs 11 and 12 of the lease that the entire building is not the demised premises. See also Gorbel v. Comensky, 58 D. & C. 374, 376 (1946), wherein it is stated:

"There is an essential difference between the words 'building' and 'demised premises'; such premises are those portions of a building let to various tenants; the building is the whole structure in which such premises are housed."

Insofar as the opinion in the McDonough case purports to consider the entire building as the demised premises, we must disagree with it. Furthermore, in passing, it is to be noted that the McDonough case involved the question of the effect of paragraphs 11 and 12 in releasing the lessor from liability for injuries sustained by the lessee or his family. It did not involve the *indemnity* aspect of these paragraphs. To what extent, if any, there may be a distinction we need not now decide. We hold only that the McDonough case is not controlling in this case, for the reasons hereinbefore expressed.

We therefore hold that the second defense raised by garnishee is a valid one, and that judgment should be entered in favor of the garnishee on the whole record.

Wherefore, we make the following

### Order

And now, July 8, 1952, plaintiff's attachment sur judgment is dismissed, and judgment is entered in favor of garnishee, Clifford Wolf.