## Koontz v. East Hopewell Township

*Bergdoll & Noll*, for plaintiff.

*Buding, Yost & Miller*, for defendant.

ATKINS, P. J., January 22, 1968.—This is before the court on a motion by defendant, East Hopewell Township, for the entry of a judgment in its favor on the pleadings. The facts as gathered from the pleadings are that on May 3, 1962, Frederick W. Koontz entered into a contract to engage in certain blasting work for East Hopewell Township. On May 14, 1962, while Koontz was engaged in the performance of the blasting, one Charles Keener, an employe of the township who had been directed by the township to assist Koontz with the blasting, was injured by an explosion. The explosion was caused by the negligence of Koontz individually as contrasted with negligence of one of his employes. Charles Keener then sued Koontz for damages for his injuries and recovered a verdict in the sum of $24,141.50, on which judgment was entered and is now final.

On May 3, 1962, the township supervisors signed a written agreement which provides as follows:

"Whereas, the undersigned customer may hereafter, from time to time, request certain assistance of Frederick W. Koontz in connection with the performance of certain blasting work,

"Now, therefore, the undersigned hereby expressly agrees that, while engaged in said work, said Frederick W. Koontz and employees and equipment are and shall be, on each occasion, to all intents and purposes, the employees and equipment of the undersigned and subject to his sole supervision and control, and that all work and services so performed shall be at the sole risk and responsibility of the undersigned, and for any damage or loss resulting from such services, except liability for injury or death of said Frederick W. Koontz and employees, the undersigned expressly agrees to indemnify and hold harmless Frederick W. Koontz and further to assume sole responsibility for the result of the services of such employees or equipment furnished by said Frederick W. Koontz.

"This agreement shall continue in force until either party notifies the other, in writing, of its desires to terminate the same, but such termination shall not relieve either party of any liability arising prior to such termination".

Koontz has made demand on the township to pay the above-mentioned judgment together with $2,700 counsel fees incurred by him in his defense of the suit brought against him by Keener.

The motion for judgment raises two issues: (1) that the agreement of May 3, 1962, does not by its terms create a liability on the part of the township to indemnify Koontz from liability arising from his own individual negligence, and (2) the making of the agreement of indemnity was an ultra vires act and, therefore, void and unenforceable. It is the law of Pennsylvania that a party may contract for indemnity against the results flowing from his own acts, but no inference from words of general import can establish it. The intent of both parties must be made apparent by clear, precise and unequivocal language before the contract will be construed to indemnify against the

consequences of the indemnitee's own negligence: Schroeder v. Gulf Refining Co., No. 2, 300 Pa. 405; Tidewater Field Warehouses, Inc. v. Fred Whittaker Co., Inc., 370 Pa. 538; Westinghouse Elec. Co. v. Murphy, Inc., 425 Pa. 166.

We do not think that this agreement contains the clear, precise and unequivocal language that the above authorities have found to be necessary to create an obligation of indemnity that protects the indemnitee from the consequences of his own negligent conduct. It certainly falls short of the very specific language in Westinghouse Elec. Co. v. Murphy Inc. supra. It also is less specific than that of Tidewater Field Warehouses, Inc. v. Fred Whittaker Co., Inc., supra. In that case, the agreement referred to any and all actions. This language, or language similar to it, is absent here.

It appears that what the agreement does is to say, in effect, that the responsibility of the township would be to pay for damages that would be chargeable to it if Koontz and his employes were township employes. This would have the effect of making the township liable on the theory of respondeat superior for any negligent acts committed by Koontz or any one of his employes, and, therefore, to pay damages to anyone injured by such acts. Even if it be construed to render the township liable to the injured person who suffers from Koontz' own negligence, this does not render it liable to Koontz for even though the master is liable to one injured by the servant's negligence, this relationship neither relieves the servant from responsibility to the injured party, nor does it entitle him to indemnity from his master.

The only language that aids Koontz is "the undersigned expressly agrees to indemnify and hold harmless Frederick W. Koontz and further to assume sole responsibility for the services of such employees or equipment furnished by the said Frederick W. Koontz".

It is not entirely clear from what Frederick W. Koontz is to be held harmless, but the logical construction would seem to be that since Koontz had employes who, along with him, were to be, for the job, treated as township employes, the township was relieving him of his responsibility as an employer for acts committed by his own employes or of responsibility for damages resulting from any faulty equipment furnished by him. The language in this agreement is much more comparable to that in Schroeder v. Gulf Refining Co., No. 2, supra, than it is to any case where an indemnitee has been held to be protected from the consequences of his own negligence.

It is also argued by the township that this conclusion is invalid as an ultra vires act. Nowhere in the Second Class Township Code is there any expressed authority enabling a second class township to enter into a contract of indemnity as an indemnitor. See Act of May 1, 1933, P. L. 101, as reenacted, revised, amended and consolidated by the Act of July 10, 1947, P. L. 1481, as subsequently amended, 53 PS §65101, et seq. The general rule is that municipal corporations possess and can exercise only such powers as are granted in express words or those necessarily or fairly implied in, or incident to, the powers expressly conferred or those essential to the accomplishment of the declared objectives and purposes of the corporation: 37 Am. Jur. Municipal Corporations, §112. This is the law of Pennsylvania. "A municipal corporation can function only through the powers granted by the legislature in its charter of incorporation, or those powers incident or related thereto as essential and necessary to carry out the declared objectives contained in such express powers. Beyond such grant of authority, a municipality possesses no powers by implication. If there is doubt as to the existence of authority, or whether an act is fairly referrable to any of the delegated powers the

doubt must be resolved against its existence". American Aniline Products Inc. v. Lock Haven, 288 Pa. 420. We see nothing here to support a contention that entering into a contract to indemnify one against the consequences of the indemnitee's own negligence is either a power incident to, nor one essential and necessary to, carry out the declared objectives contained in any powers expressly conferred upon a municipality.

Therefore, even if the conclusion here be construed to constitute an indemnity in favor of plaintiff against loss from his own negligence, it is beyond the power of the township to make. We enter this order:

And now, to wit, this January 22, 1968 at 10 a.m., it is ordered, adjudged and decreed that judgment be and is hereby entered on the pleadings in favor of defendant, East Hopewell Township and against plaintiff, Frederick W. Koontz, with costs of suit.